UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------X
FRANK GORTO,

        Plaintiff

        v.

NJ TRANSIT RAIL OPERATIONS, INC.,

        Defendant
------------------------------------------------------------------X

16 Civ.

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1.    The plaintiff is a resident of the State of New Jersey, County of Monmouth, and City of Aberdeen.

2.    The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New Jersey.

3.    Prior to September 9, 2013, and at all times hereinafter mentioned, the defendant employed the plaintiff as a maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.    Prior to September 9, 2013 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Polehemus Lane Crossing in Bridgewater, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.    During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among dozens of states, including New York, New Jersey, Pennsylvania.505

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant is subject to personal jurisdiction in this District, and because plaintiff resides in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant as a maintainer, and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On September 9, 2013, the plaintiff was working as a maintainer when, at the direction and training of defendant, he was re-wiring the gate lights when he was in the process of stepping out of a hole to get a lock nut when he struck his head on the counter weight causing him to fall to the ground, striking his head and face/mouth causing the need for 5 staples to his head and fracturing teeth.

11. As a result of defendant's conduct, the plaintiff suffered various physical, psychological and economic harms.

12. Plaintiff's physical injuries include, but are not limited to, 5 staples in his head; fractured bridge at Tooth No. 9, 10 and 11; requiring root canal therapy.

## COUNT I
### Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about September 9, 2013, while the plaintiff, an employee of the defendant, was in the performance of his duties as a maintainer at the Polehemus Lane Crossing in Bridgewater, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to maintain crossing to company standards by track department;

    c. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in the sum of $50,000.00.

WHEREFORE, plaintiff Matthew Hallett demands judgment against the defendant on Count I in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS; together with the costs and disbursements of this action.

    Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com